No. 93–7657. LAWSON v. DIXON, WARDEN. C. A. 4th Cir. Certiorari denied.

JUSTICE BLACKMUN, dissenting.

At the time of his trial, the record suggested that David Lawson suffered "significant psychopathology," anxiety, depression, hostility, and a likelihood of deficient impulse control. He generally lacked the ability to communicate with his attorney or to understand the nature and seriousness of the charges against him. He thought of suicide and once had attempted it. It is hardly surprising that he told his sentencing jury: "You think I done it, gas me." 3 F. 3d 743, 746 (CA4 1993). Lawson's counsel, taking his cues from Lawson, neither investigated nor presented any evidence of his client's mental problems, which might have established statutory and nonstatutory mitigation, see N. C. Gen. Stat. § 15A–2000(f)(2) (1988) ("The capital felony was committed while

the defendant was under the influence of mental or emotional disturbance"); § 15A–2000(f)(6) ("The capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was impaired"), which, in turn, might have meant the difference between life and death.

Lawson asserts in this habeas petition that his attorney's failure to investigate or to offer mental health mitigation constituted ineffective assistance of counsel. See, e. g., Kenley v. Armontrout, 937 F. 2d 1298, 1303–1308 (CA8), cert. denied, 502 U. S. 964 (1991); Thompson v. Wainwright, 787 F. 2d 1447, 1451 (CA11 1986), cert. denied, 481 U. S. 1042 (1987). To prevail on an ineffectiveness claim, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U. S. 668, 694 (1984). The Court of Appeals upheld the denial of a hearing or relief on this claim because Lawson had "failed to present clear and convincing evidence of positive and unequivocal facts which generate a substantial and legitimate doubt as to his mental capacity." 3 F. 3d, at 754.

In a related claim, Lawson argues that, regardless of his personal wishes, the Constitution's twin requirements of rationality and individualized determinations command that his jury be presented mitigating evidence. See Klokoc v. State, 589 So. 2d 219, 220 (Fla. 1991); State v. Koedatich, 112 N. J. 225, 548 A. 2d 939 (1988), cert. denied, 488 U. S. 1017 (1989); Morrison v. State, 258 Ga. 683, 687, 373 S. E. 2d 506, 509 (1988), cert. denied, 490 U. S. 1012 (1989). Finally, Lawson asserts that the instructions given his sentencing jury would lead a reasonable juror to understand that the jurors must reach unanimity on the existence of a mitigating factor before considering it, in violation of Mills v. Maryland, 486 U. S. 367 (1988), and McKoy v. North Carolina, 494 U. S. 433 (1990). See Kubat v. Thieret, 867 F. 2d 351, 373 (CA7), cert. denied, 493 U. S. 874 (1989); Brantley v. State, 262 Ga. 786, 794, 427 S. E. 2d 758, 765 (1993); Engberg v. Meyer, 820 P. 2d 70, 93 (Wyo. 1991).

Without deciding the merits of these claims, I conclude that they cast considerable doubt on the reliability and constitutionality of Lawson's sentence of death. Accordingly, even if I did not adhere to the belief that the death penalty cannot be imposed fairly within the constraints of our Constitution, see Callins v.

*Collins, ante,* p. 1143, I would grant Lawson's petition for certiorari to review these issues.