25 F.3d 1040
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 David LAWSON, Petitioner Appellant,
v.
Gary DIXON, Warden, Central Prison, Respondent Appellee.
 No. 94-4004.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 11, 1994.
Decided June 13, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. Frank W. Bullock, Jr., Chief District Judge. (CA-94-290-4)
 Marshall Lawrenece Dayan, Senior Staff Atty., Henderson Hill, Director, North Carolina Resource Center, Durham, NC, Kenneth J. Rose, Durham, NC, for appellant.
 Michael F. Easley, Atty. Gen. of NC, Barry S. McNeill, Special Deputy Atty. Gen., Joan H. Byers, Special Deputy Atty. Gen., North Carolina Department of Justice, Raleigh, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WIDENER and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 David Lawson has appealed from the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. He also challenges the district court's denial of his requests for leave to conduct discovery, for an evidentiary hearing, and for a stay of execution. We find no merit to any of Lawson's claims, and accordingly, we affirm.
 
 I.
 
 2
 Lawson was tried and convicted in the Superior Court of Cabarrus County, North Carolina, during the June 1981 term of court on charges of first degree murder, felonious assault, and felonious breaking and entering. He was sentenced to death on the murder charge and to substantial terms of imprisonment on the two remaining charges. He subsequently gave notice of appeal to the Supreme Court of North Carolina, which affirmed his convictions in 1984. State v. Lawson, 310 N.C. 632, 314 S.E.2d 493 (1984). The Supreme Court denied Lawson's petition for certiorari in 1985. Lawson v. North Carolina, 471 U.S. 1120 (1985). The factual circumstances of the case are set forth both in the North Carolina Supreme Court's opinion and in our decision in Lawson v. Dixon, 3 F.3d 743 (4th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1208, 127 L.Ed.2d 556, reh'g denied, --- U.S. ----, 114 S.Ct. 1391, 128 L.Ed.2d 65 (1994).
 
 
 3
 Following his direct appeal and unsuccessful application for certiorari, Lawson has filed four (4) motions for appropriate relief in state courts and two federal habeas corpus petitions, including the one addressed in this court's August 26, 1993 opinion. For a detailed analysis of some of his prior filings, and the issues raised therein, see Lawson, 3 F.3d at 747-48.
 
 
 4
 Following unsuccessful efforts to have the United States Supreme Court review our first decision, see Lawson v. Dixon, --- U.S. ----, 114 S.Ct. 1208, 127 L.Ed.2d 556 (1994), and the North Carolina Supreme Court's order denying Lawson's third motion for appropriate relief, see State v. Lawson, --- N.C. ----, --- S.E.2d ---- (March 3, 1994) (No. 142A81-3), and Lawson v. Dixon, --- U.S. ----, 114 S.Ct. 1391, 128 L.Ed.2d 65 (1994), on April 11, 1994, Lawson's execution date was rescheduled by a North Carolina Superior Court Judge, for Wednesday, June 15, 1994, between the hours of 12:01 AM and 6:00 PM.
 
 
 5
 The rescheduling and the denial by the North Carolina Supreme Court of Lawson's request to have his execution videotaped by the Phil Donahue Show, led to the filing on May 18, 1994, by Lawson in the North Carolina Supreme Court of a petition for habeas corpus claiming that his execution by gas is cruel and/or unusual punishment under the state and federal constitutions. This petition was denied on May 25, 1994. State v. Lawson, --- N.C. ----, --- S.E.2d ---- (May 25, 1994) (No. 142A81-3).
 
 
 6
 On May 20, 1994, Lawson then filed his fourth motion for appropriate relief in the Cabarrus County Superior Court raising six additional grounds for relief. Although these claims are couched in slightly different language in his recent filings they are in essence as follows: (1) that his constitutional right to conflict-free counsel was violated during trial and on direct appeal because one of his trial counsel is said to have revealed confidential attorney-client communications and to have had a conflict of interest with Lawson; (2) that the trial court excused prospective jurors for illegal reasons outside Lawson's presence, including one juror on account of religion; (3) that the trial court denied Lawson his right to self-representation on direct appeal; (4) that one of Lawson's jurors, who had lost his driver's license due to an excessive number of speeding tickets, was driven to and from the courthouse on one or more occasions by law enforcement officials from the Concord Police Department and engaged in conversations with these officials outside the courtroom; (5) that the same juror misstated in a juror information questionnaire that he did not have a close friend in law enforcement; and (6) that trial counsel failed to question many of the potential jurors whether they automatically would vote to return a verdict of death for anyone convicted of first degree murder and thus provided ineffective assistance of counsel.
 
 
 7
 The presiding judge of the Superior Court of Cabarrus County entered an order on May 31, 1994, denying all of Lawson's claims. On June 2, 1994, Lawson filed a petition for writ of certiorari and a motion for stay of execution in the North Carolina Supreme Court, which were denied on the same day. State v. Lawson, --- N.C. ----, --- S.E.2d ---- (June 2, 1994) (No. 142A81-4).
 
 
 8
 Thereafter on June 7, 1994, Lawson filed his second federal petition for writ of habeas corpus, and motions for stay of execution, discovery, and evidentiary hearings in the United States District Court for the Middle District of North Carolina. This petition contained in substance, at least four of the six claims listed above, plus an allegation that execution by gas is cruel and unusual punishment in violation of the Eighth Amendment. This later allegation had been unsuccessfully presented directly to the Chief Justice of the North Carolina Supreme Court as a petition for a writ of habeas corpus and the court had denied it on May 25, 1994.
 
 
 9
 Following oral argument held on June 9, 1994, a United States Magistrate Judge in an Order and Recommendation recommended the rejection of all of Lawson's pending claims, including his challenge to his execution by lethal gas. On June 10, 1994, the Chief District Court Judge for the Middle District of North Carolina, after reviewing Lawson's objections to the Magistrate Judge's report, dismissed Lawson's habeas petition and denied his motions for discovery, for an evidentiary hearing, and for a stay of his execution.
 
 
 10
 Lawson filed a timely appeal to this court from the district court's judgment dismissing his action.
 
 II.
 
 11
 In the magistrate judge's opinion adopted by the district court, the magistrate judge recommended that Lawson's challenge to execution by lethal gas should be dismissed as an abuse of the writ and as an exercise of the court's equitable powers.[1] He was of the further view that the alleged claim of a violation of his right to conflict-free counsel constituted abuse of the writ and was subject to procedural default by Lawson. The magistrate judge made similar proposals concerning the allegations of ineffective assistance of counsel, misstatements by a juror, and contacts by a juror with law enforcement officials, adding that the latter two claims were also frivolous.
 
 
 12
 The magistrate judge concluded that in no instance had Lawson shown either "cause" or "prejudice" with respect to his procedural defaults and his failure to raise the claims in an earlier petition. Finally, Lawson failed to show either that a fundamental miscarriage of justice would result from a failure to afford federal review of his claims, or "actual innocence."
 
 
 13
 We find the magistrate judge's reasoning convincing. Since we believe that Lawson's claims should be dismissed as a matter of law, no basis exists for his requests for discovery or for an evidentiary hearing, and those motions are dismissed.
 
 III.
 
 14
 For the reasons articulated by the magistrate judge in his well reasoned Order and Recommendation,[2] we hereby affirm the judgment of the district court. Lawson's request for a stay of execution is also denied.
 
 
 15
 AFFIRMED.*
 
 
 
 [1]
 To the extent that the magistrate judge's opinion may be read to infer a failure to exhaust, we believe that the North Carolina Supreme Court ruled on the merits of Lawson's challenge to the execution by lethal gas, and that there was no failure to exhaust as to that issue
 
 
 [2]
 We do note an incorrect date on the last page of the Order and Recommendation, where "July" should be "June."
 
 
 *
 We as individual judges do grant a certificate of probable cause for this appeal